26JE-CC00195

Electronically Filed - Jefferson - February 27, 2026 - 12:53 PM

IN THE CIRCUIT COURT OF THE 23rd JUDICIAL CIRCUIT OF MISSOURI AT HILLSBORO, JEFFERSON COUNTY, MISSOURI

| | | |
|---|---|---|
| CLUB FITNESS OF CROSSROADS LLC,<br><br>Plaintiff,<br><br>vs.<br><br>FORTEGRA SPECIALTY INSURANCE COMPANY,<br><br>**Serve at:**<br><br>**Director of Missouri Department of Commerce and Insurance,**<br>**301 W. High Street**<br>**Jefferson City, Missouri 65101**<br><br>Defendant. | ) | Cause No. |

**PETITION**

Plaintiff Club Fitness of Crossroads LLC ("Club Fitness"), by and through counsel, and for its Petition against Defendant Fortegra Specialty Insurance Company ("Fortegra"), states the following:

1. Plaintiff Club Fitness of Crossroads LLC is a Missouri limited liability company with its principal place of business in the State of Missouri.

2. Defendant Fortegra Specialty Insurance Company is a foreign insurance company not incorporated or organized under the laws of the State of Missouri that issues insurance policies to citizens of the State of Missouri and that has its principal place of business in the State of Florida. It may be served through the Director for the Missouri Department of Commerce and Insurance.

Electronically Filed - Jefferson - February 27, 2026 - 12:53 PM

3. This Court has subject matter jurisdiction pursuant to Article V, Section 14 of the Missouri Constitution, because this Court has original jurisdiction over all cases and matters, including civil cases.

4. Venue in this Court is proper pursuant to Section 508.010, RSMo, because the property at issue is located in this County and the violations alleged herein occurred in this County.

5. This Court has personal jurisdiction over Fortegra pursuant to Sections 375.906 and 506.500, RSMo, because Fortegra issued the subject insurance policy to Club Fitness in Missouri to insure property located in Missouri.

6. The Club Fitness brand operates fitness and wellness centers in the St. Louis, Missouri metro area offering purpose-built studios and premium, industry-leading strength, condition, and training equipment to its members.

7. In 2022, Club Fitness began operating at 215 Crossroads Center, Arnold, Missouri 63010 (the "Property").

8. Fortegra issued an insurance policy to Club Fitness with Policy Number No. VFC1000027-00 (the "Policy"). A true and complete copy of the Policy is attached hereto as Exhibit A and fully incorporated herein by reference.

9. The Policy was delivered to Club Fitness in Missouri.

10. Club Fitness is a named insured in the Policy.

11. The Property is a scheduled covered location in the Policy.

12. The Policy's coverage period is July 28, 2024 to July 28, 2025.

13. During the evening of March 14, 2025, an extreme weather event damaged

Electronically Filed - Jefferson - February 27, 2026 - 12:53 PM

the Property's structure in ways including, but not limited to, causing water to enter the Property's premises, thereby resulting in losses and damage to the Property, the Property's contents, and the Property's business operations.

14. The damage to the Property required Club Fitness to cease business operations, replace the Property's contents, and rebuild the Property before Club Fitness could resume business operations.

15. The Policy covers the losses and damages incurred by Club Fitness and the Property including, but not limited to, for rebuilding the Property, repairing and/or replacing its contents, and for lost business income.

16. The Policy was in force at the time of the loss.

17. Club Fitness complied with all conditions required of the Policy.

18. Club Fitness paid all premiums required of the Policy.

19. Club Fitness provided timely notice to Fortegra regarding the losses and damages to the Property.

20. Club Fitness acted diligently and reasonably to mitigate damages and to rebuild the Property so that business operations at the Property could resume as soon as possible.

21. Fortegra did not deny coverage under the Policy.

22. Fortegra did not issue a reservation of rights excluding coverage for the losses or damages incurred or claimed by Club Fitness.

23. Club Fitness incurred costs in rebuilding and reopening the Property in reliance on Fortegra for reimbursements under the Policy.

Electronically Filed - Jefferson - February 27, 2026 - 12:53 PM

24. Fortegra is therefore estopped from denying coverage or relying on any Policy exclusions as a basis for denying coverage.

25. While Fortegra issued some payments, Club Fitness is still owed in excess of $2.3 million in additional reimbursement for losses and damages under the Policy. These amounts continue to accrue and will be established at trial.

26. The amounts have been owed by Fortegra to Club Fitness for more than 30 days.

27. Club Fitness made written demands to Fortegra for reimbursement to Club Fitness pursuant to the Policy.

28. Fortegra has failed to respond to the demands and refuses to pay the remaining amounts still owed to Club Fitness under the Policy.

29. Fortegra is therefore in breach of the Policy.

30. As a result, Club Fitness is entitled to compensatory damages for breach of contract.

31. Club Fitness is further entitled to statutory penalties and attorney fees pursuant to Sections 375.296 and/or 375.420 for vexatious refusal and for actions and/or inactions by Fortegra evidencing vexatiousness and recalcitrance because Fortegra has refused to pay Club Fitness for losses covered by the Policy without reasonable cause or excuse and/or unreasonably delayed in paying Club Fitness, in way including, but not limited to:

a. Club Fitness diligently rebuilt the Property and resumed operations in less than nine months relying principally on its own finances while Fortegra

Electronically Filed - Jefferson - February 27, 2026 - 12:53 PM

continues to unreasonably delay in its investigation and to reimburse Club Fitness;

b. Fortegra leveraged Club Fitness's goodwill and relationship with the Property's landlord for Fortegra to utilize leasable space adjacent to the Property to provide climate controlled storage for equipment while Fortegra delayed in its evaluation as to what was salvageable to sell for Fortegra's own financial recovery, including by continuing to utilize the space beyond the deadlines imposed by the landlord, ultimately leaving material that Fortegra deemed non-salvageable in the space and subjecting Club Fitness to potential liability for use of the adjacent space and the costs of removal;

c. Fortegra responded to Club Fitness's demands for payment by requiring Club Fitness to enter into a "Non-Waiver Agreement" for the express purpose of attempting to exclude from evidence Fortegra's response to the demands, and then after Club Fitness did so, Fortegra still provided no substantive response to Club Fitness's demands;

d. Fortegra ignored at the outset of the claim the recommendations of the manufacturers of the Property's premium equipment that the equipment must be replaced and instead hired unqualified third-party investigators to propose a less expensive equipment restoration plan, who in turn, and over the objections of Club Fitness, improperly disassembled the equipment causing further damage to the equipment;

Electronically Filed - Jefferson - February 27, 2026 - 12:53 PM

e. After Fortegra's third-party investigator greatly enhanced its own estimate for repairing the property Fortegra caused further unnecessary delay by hiring yet another third-party investigator for a "comparative investigation," with the intent that the new investigator would prepare an estimate for a lesser amount;

f. The Property's premium equipment required replacement and as much as eight months lead time to order replacements, but Fortegra's internal disputes with its third-party investigators, through the opinions of whom Fortegra tried to avoid replacing equipment at all, unnecessarily risked the Property's ability to timely resume operations;

g. Fortegra's delayed investigation and disputes with its third-party investigators regarding the equipment stalled into the summer of 2025 leaving equipment stored in non-climate-controlled trailers exposed to extreme heat which resulted in the development of rust;

h. Fortegra attempted to shift blame to Club Fitness for equipment damage such as rust and improper disassembly that was actually caused by the delay and/or actions of Fortegra and Fortegra's third-party investigators;

i. When Club Fitness provided to Fortegra upon Fortegra's request a word document in the exact form received by Club Fitness from a vendor, Fortegra inferred without any basis that Club Fitness forged the document stating that "anybody could have typed that up," and required Club Fitness to provide further documentation to prove that the document was

Electronically Filed - Jefferson - February 27, 2026 - 12:53 PM

the original;

j. Fortegra retained an attorney to perform further claims handling including requiring Club Fitness to retain its own counsel to appear for an unnecessary examination under oath of Club Fitness;

k. Fortegra's inactions forced Club Fitness to pay its own employees to hand clean and reassemble equipment and perform other services in order to timely resume operations;

l. Fortegra unreasonably refused to replace premium exercise equipment damaged by water, and for which the manufacturers voided the products' warranties as a result of the water damage, thereby unnecessarily exposing Club Fitness to additional expenses for future repairs or replacement;

m. Fortegra still has not reimbursed construction costs for rebuilding the Property even though it has been rebuilt and operational for approximately three months, and despite Club Fitness providing extensive documentation to explain the rebuild, including analysis from Club Fitness's general contractor to carve out costs for improvements for which Club Fitness is not seeking reimbursement from Fortegra; and

n. Fortegra retained a forensic accountant to dispute Club Fitness's business income claim and, despite Club Fitness providing ongoing reporting to the accountant throughout the life of the claim, the accountant's analysis was not provided until January 29, 2026, at which time the accountant

Electronically Filed - Jefferson - February 27, 2026 - 12:53 PM

only considered the claim up to the Property's reopening on December 8, 2025, failed to account for ongoing lost income from customer membership accounts that were frozen during the Property's closure and that have still not been unfrozen by the customers, reduced the claim based on "saved payroll" that was not supported by fact or explanation, and applied other deductions without explanation.

32. Club Fitness is further entitled to prejudgment and postjudgment interest of 9% pursuant to Section 408.020, RSMo.

WHEREFORE, Club Fitness respectfully requests that the Court enter judgment in favor of Club Fitness, including an award for damages, statutory penalties, prejudgment interest, postjudgment interest, and attorney fees, and granting such further relief as the Court deems just and proper.

Electronically Filed - Jefferson - February 27, 2026 - 12:53 PM

ARMSTRONG TEASDALE LLP

By: *__/s/ Kevin W. Prewitt_________________*

Kevin W. Prewitt #66161
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
816.221.3420
816.221.0786 (facsimile)
kprewitt@atllp.com

John H. Chassaing #68712
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
314-342-8005
JChassaing@Atllp.com

ATTORNEYS FOR PLAINTIFF